•           •           • 
 • • •





MEMORANDUM OPINION

No. 04-08-00864-CR

Jon William HUGHES,
Appellant

v.

The STATE of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A-08-85
Honorable Stephen B. Ables, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: November 25, 2009

AFFIRMED
            Jon William Hughes was charged with sexual assault of a child. The jury found him guilty
of the offense and the trial court sentenced him to life imprisonment based upon a prior conviction
from the state of Indiana. On appeal, Hughes does not challenge the conviction, but rather, he
contends the Indiana conviction was improperly used to enhance his punishment. We affirm the
judgment of the trial court.
Background
            Section 12.42(c)(2) of the Penal Code provides that a defendant shall be punished by life
imprisonment if he is convicted of either indecency with a child, aggravated sexual assault, or sexual
assault, and has been previously convicted of an offense under the laws of another state containing
elements that are substantially similar to the elements of an offense for indecency with a child,
aggravated sexual assault, or sexual assault. Tex. Penal Code Ann. § 12.42(c)(2)(A)(i),
(c)(2)(B)(v) (Vernon Supp. 2009). Here, Hughes was convicted of sexual assault of a child. See
Tex. Penal Code Ann. § 22.011(a)(2)(B) (Vernon Supp. 2009). At the punishment hearing before
the trial court, the State sought to enhance Hughes’s punishment to automatic life imprisonment
pursuant to section 12.42(c)(2). Id. § 12.42(c)(2). The State introduced evidence that Hughes was
previously convicted of child molesting in the state of Indiana in 1989. Hughes objected to the 
introduction of the Indiana records on the ground that there was insufficient evidence to establish
that the records evidenced a “substantially similar” offense


 and because the records contained
testimonial statements in violation of the Sixth Amendment’s Confrontation Clause as announced
in Crawford v. Washington, 541 U.S. 36 (2004). U.S. Const. amend. VI. The trial court overruled
these objections and found that Hughes was previously convicted of a substantially similar offense
in Indiana, and therefore sentenced him to life imprisonment. 
Discussion
            In his first issue, Hughes argues that the evidence is insufficient to assess an automatic life
sentence because there was no proof before the trial court that the Indiana conviction was
substantially similar to the offense for which he was convicted in Texas. Specifically, Hughes
complains that the evidence adduced at trial consisted of certified copies of records from Indiana as
well as the trial court taking judicial notice of Indiana’s child molesting statute. Hughes further
complains that the record does not reflect which statute the trial court took judicial notice of and that
the statute is not included in the clerk’s record. 
            The State responds that there is no requirement that a physical copy of the out-of-state statute
be admitted into evidence, and that it is sufficient if the trial court takes judicial notice of the statute. 
See Wagner v. State, Nos. 14-07-00906-CR, 14-07-00907-CR, 2009 WL 838187, at *13 (Tex.
App.—Houston [14th Dist.] Mar. 31, 2009, pet. filed) (not designated for publication) (taking
judicial notice of two out-of-state statutes that were not admitted into evidence and therefore not
included in the appellate record). We agree. Rule 202 permits a trial court to take judicial notice
of statutes from other jurisdictions within the United States. Tex. R. Evid. 202. Here, State’s
Exhibits 4 and 5 were admitted into evidence. State’s Exhibit 4 is akin to a “pen packet” and
includes a certified copy of the abstract of judgment from cause number 03C01-8808-CR-937, filed
in the Bartholomew Circuit Court of Indiana, showing that Hughes was found guilty and sentenced
on June 26, 1989 on one count of child molesting pursuant to Indiana Code 35-42-4-3(B). Hughes’s
fingerprints and Indiana Department of Corrections photographs were also included in the exhibit. 
State’s Exhibit 5 consists of certified copies of a “Chronological Case Summary” of the Indiana
charge along with abstracts of judgment for the charges for which Hughes was sentenced to the
penitentiary, an arrest report for an unrelated offense, a detailed affidavit concerning the child
molesting charge, and the indictment for the child molesting charge. 
            The State asked the trial court to take judicial notice of Indiana Code section 35-42-4-3(b),
which provides:
A person who, with a child under twelve [12] years of age, performs or submits to
any fondling or touching, of either the child or the older person, with intent to arouse
or to satisfy the sexual desires of either the child or the older person, commits child
molesting, a class C felony.

Indiana Code § 35-42-4-3(b) (1988). Hughes contends that because the Indiana statute does not
define the types of prohibited sexual contact, the trial court could not determine whether the elements
of the offenses were similar. We disagree that the statute fails to define the prohibited conduct. It
specifically states that fondling or touching with intent to arouse constitutes child molesting. 
Further, the trial court was able to compare the Indiana statute with section 21.11 of the Texas Penal
Code (proscribing “indecency with a child”), and find that it contains substantially similar elements. 
See Tex. Penal Code Ann. § 21.11(a)(1), (c) (Vernon Supp. 2009) (describing “sexual contact” as
touching of a child’s anus, breast, or genitals with the intent to arouse or gratify the sexual desire of
any person). Accordingly, we conclude the evidence was sufficient to assess an automatic life
sentence pursuant to section 12.42 of the Penal Code. Hughes’s first issue is overruled. 
            Hughes additionally challenges the evidence used to enhance his punishment on the basis that
State’s Exhibit 4, the Indiana “pen packet,” contained an affidavit from Detective Harold Lowry in
the Columbus City, Indiana Police Department, and that this affidavit constitutes an out-of-court
statement admitted in violation of the Confrontation Clause. See Crawford, 541 U.S. at 51 (holding
that out-of-court statements by witnesses that are testimonial are barred under the Confrontation
Clause); Russeau v. State, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005) (remanding for a new
punishment hearing where prisoner’s jail incident and disciplinary reports admitted under the
business records exception contained testimonial statements by correctional officers who did not
testify at trial and were therefore inadmissable under Crawford). In the affidavit, Detective Lowry
recounts details from his interviews with both Hughes and the victim regarding Hughes’s child
molesting charge; Lowry did not testify at Hughes’s Texas trial. The State responds that even
assuming Detective Lowry’s affidavit is testimonial in nature and therefore inadmissible, the
remaining evidence was non-testimonial and sufficient to find that the two offenses contained
substantially similar elements. 
            We agree that the affidavit, assuming it was inadmissible, was not necessary to prove that
the prior Indiana conviction was substantially similar for purposes of section 12.42(c)(2)(B)(v). The
trial court had before it other sufficient evidence, as discussed above, that Hughes had been
convicted of an offense under the laws of Indiana containing elements that are substantially similar
to the elements of an offense for indecency with a child. Accordingly, we overrule Hughes’s second
issue and affirm the judgment of the trial court.
Phylis J. Speedlin, Justice
DO NOT PUBLISH